IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>EASTERN DIVISION</u>

| | |
|---|---|
| BRYCE JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 1:05-cv-2338-UWC |
| v. | ) |
| | ) |
| LEON FORNISS, WARDEN; ATTORNEY | ) |
| GENERAL FOR THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

<u>MEMORANDUM OF OPINION</u>

On August 18, 2006, the magistrate judge filed his findings and recommendation (doc. #14), recommending the dismissal of petitioner's petition for writ of habeas corpus as both untimely and procedurally barred. On September 8, 2006, petitioner filed a Request for Stay/Abeyance of Action and Order (doc. #15) in order that he could return to state court and exhaust his state remedies.

The magistrate judge correctly found that the petition was untimely and that the claims raised therein were procedurally defaulted due to petitioner's failure to ever present them in state court; however, the finding that the petition is untimely is dispositive of this case. Petitioner had until May 31, 2001 in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). The federal habeas petition expired four years and four months before petitioner filed his federal habeas petition which has been deemed filed on October 10, 2005. Petitioner has failed to show that the limitations was equitably tolled. Further, he has failed to make a showing of actual innocence.

The Request for Stay/Abeyance (doc. #15) is due to be DENIED. Assuming Johnson can exhaust his state remedies at this late date, the federal habeas petition remains untimely filed .

The dismissal of this petition does not bar petitioner's return to state court. It remains unlikely that he will obtain state collateral review as he has failed to comply with the state limitations period. Petitioner had two years from May 30, 2000, the date of the certificate of judgment, in which to filed a Rule 32 petition. See Rule 32.2(c), *Alabama Rules of Criminal Procedure* and "Court Comment of January 27, 2004 to Amendment to Rule 32.2 Effective August 1, 2002." The state limitations period expired May 31, 2002. A Rule 32 petition filed now would be untimely.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby ADOPTED and his recommendation is ACCEPTED to the extent that he recommended that the petition be dismissed as untimely. Accordingly, petitioner's Request for Stay/Abeyance is due to be DENIED and the petition for writ of habeas corpus is due to be DISMISSED as untimely. A Final Judgment will be entered.

Done the 12th day of September, 2006.

U.W. Clemon
Chief United States District Judge